**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SNOW AND ICE MANAGEMENT CO. OF PA, INC., | |
| Plaintiff, | Civil Action No. 21-16233 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| TRYKO PARTNERS, LLC, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff and Counterclaim-Defendant Snow and Ice Management Co. of PA's ("SIMCO") Motion to Dismiss Defendants and Counterclaim-Plaintiffs Tryko Partners, LLC and Marquis Health Services, LLC's (collectively, "Defendants") Counterclaims. (ECF No. 26.) Defendants opposed. (ECF No. 27.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants SIMCO's Motion.

**I.   BACKGROUND**[1]

In its October Opinion, the Court denied Defendants' Motion to Dismiss, finding that Defendants did, in fact, enter into agreements with SIMCO. (Oct. Op. 11-13.) Thereafter, on

---

[1] The Court adopts the factual background as recited in its October 27, 2022, Memorandum Opinion (the "October Opinion," ECF No. 18) and only provides additional background and procedural information where relevant for the instant Motion.

December 21, 2022, Defendants asserted three counterclaims against SIMCO. (*See generally* Defs.' Countercls., ECF No. 22.) Counterclaim One alleges that SIMCO billed for services that were either not performed or not properly performed, amounting to criminal fraud, civil fraud and conspiracy, violation of the NJ Consumer Fraud Act (the "NJCFA"), and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). (*Id.* ¶¶ 6-20.) Counterclaim Two alleges that SIMCO negligently supervised unspecified subcontractors who breached their duty to Defendants. (*Id.* ¶¶ 21-26.) Finally, Counterclaim Three alleges that SIMCO's conduct placed Defendants at a "risk of loss" and harmed Defendants. (*Id.* ¶¶ 27-29.)[2] SIMCO's Motion to Dismiss the Counterclaims is now ripe for resolution.

## II.   **LEGAL STANDARD**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[3] the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[2] Counterclaim Three appears to only relate to damages. Because the Court dismisses the counterclaims in their entirety, it does not address the specific damages.

[3] Hereinafter, any reference to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

For claims of fraud, however, Rule 9(b) imposes a heightened pleading standard. *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 510 (D.N.J. 1999). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A claimant "alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (alteration in original) (internal citation and quotation marks omitted).

### III. DISCUSSION

#### A. Counterclaim One

Counterclaim One asserts five claims/violations against SIMCO: (1) criminal fraud; (2) civil fraud and/or conspiracy; (3) violation of the NJCFA; and (4) violation of RICO.[4] (Defs.' Countercls. ¶¶ 6-20.) For the reasons set forth below, the Court dismisses each of the Counterclaims for failure to state a claim.

To sufficiently state a claim for fraud, a claimant must plead "i) a material representation of fact, ii) knowledge on the speaker's part that the statement is false, iii) an intent that the other rely, iv) actual and reasonable reliance, and v) resulting damages." *Davis v. Bankers Life & Cas. Co.*, No. 15-3559, 2016 WL 7668452, at *6 (D.N.J. Dec. 23, 2016). Under Rule 9(b), a party must plead fraud with particularity. *Frederico*, 507 F.3d at 200. A party must "allege the date, time[,] and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* The Rule 9(b) heightened pleading standard also applies to claims under the NJCFA. *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012) ("[Rule 9(b)]

---

[4] Counterclaim One also includes a claim of illegal billing/invoicing, theft, and/or deceit. (Defs.' Countercl. ¶ 19.) Defendant does not allege any additional facts related to this claim, and the Court construes it as duplicative of the other claims in Counterclaim One.

3

imposes a heightened pleading requirement for allegations of fraud, including [NJ]CFA claims, over and above that required by Rule 8(a).").

Here, Defendants do not meet this exacting standard. The allegations fail to describe the circumstances with particularity as required by Rule 9(b) and provide no detail as to any date or time of the alleged conduct. *See Naporano*, 79 F. Supp. 2d at 510. The counterclaim vaguely asserts that SIMCO "conspired with others, including its subcontractors" and "submitt[ed] invoices for work that it knew and/or had reason to know was not properly performed" without mentioning any specific subcontractors, any dates or times of the misconduct, or any other necessary details surrounding the alleged work that was missed or invoices that were improperly sent. (Defs.' Countercls. ¶¶ 6-20.) This is insufficient to satisfy Rule 9(b) and fails to put SIMCO on notice of the precise misconduct with which it is charged.

Defendants also fail to allege that they relied on any misrepresentation by SIMCO. (Defs.' Countercls. ¶¶ 6-20.) In their opposition, Defendants argue that the parties have not yet completed discovery, and it is "undetermined" that Defendants did not already pay for some of the services on the invoices—presumably to argue that they relied on the amounts due presented in the invoices. (Defs.' Opp'n Br. 8, ECF No. 27.) This argument is not persuasive as a "[claimant's] case cannot proceed to discovery if the operative complaint fails to meet the threshold pleading requirement." *Pereira v. Azevedo*, No. 12-907, 2013 WL 1655988, at *4 (D.N.J. Apr. 17, 2013). For these reasons, the Court dismisses Defendants' counterclaims based on fraud.

In Counterclaim One, Defendants also allege that SIMCO's conduct violated RICO. (Defs.' Countercls. ¶ 18). RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a

4

pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To properly bring a civil RICO claim, a "plaintiff must show that the defendants, through an enterprise, committed two statutorily prohibited predicate acts within a ten[-]year period that are related, pose a threat of continued criminal activity, and proximately caused the plaintiff's injury." *Puro-Tec, LTD v. Carotenuto*, No. 18-4546, 2019 WL 2089993, at *4 (E.D. Pa. May 13, 2019). "It is well-established in this Circuit that RICO itself need only be pled under Rule 8(a), and that Rule 9(b) applies only to RICO predicate acts that themselves require the higher pleading standard." *Bell v. Dave*, No. 21-11816, 2022 WL 2667017, at *6 (D.N.J. July 11, 2022) (quoting *Myrus Hack, LLC v. McDonald's Corp.*, No. 05-2700, 2009 WL 872176, at *9 (D.N.J Mar. 30, 2009)).

Here, Defendants have not adequately alleged a RICO counterclaim because they have not adequately pled a required predicate act. Defendants allege a RICO violation based on the same conduct underlying their fraud and NJCFA counterclaims. (Defs.' Countercls. ¶¶ 6-18.) As these counterclaims refer to SIMCO's allegedly fraudulent billing, they must meet the heightened pleading standards of Rule 9(b) and, again, Defendants fail to plead with the requisite level of specificity to state a claim. The Court also notes that even if Defendants' allegations were sufficient to satisfy Rule 9(b), RICO focuses on patterns of related criminal acts, and Defendants' vague allegations fail to establish any pattern over an extended period. *Bell*, 2022 WL 2667017, at *7 (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991)) ("The predicate acts of racketeering activity must also be related and continuous, rather than isolated events."). Further, other Circuits have declined to construe breach of contract claims as RICO violations. *See, e.g., Perlman v. Zell*, 185 F.3d 850, 853 (7th Cir. 1999) ("Breach of contract is not fraud, and a series of broken promises therefore is not a pattern of fraud."); *Vild v. Visconsi*, 956 F.2d 560, 569 (6th Cir. 1992) (dismissing RICO claim for lack of continuity where the acts alleged amount

at best to a breach of contract). For these reasons, the Court dismisses Defendants' RICO counterclaim.

The Court finds that Defendants' conspiracy counterclaim, also buried within Counterclaim One, should similarly be dismissed for lack of an underlying tort claim. *D'Agostino v. Wilson*, No. 19-0281, 2019 WL 5168621, at *4 (D.N.J. Oct. 11, 2019) ("[T]his Court has previously found that a New Jersey civil conspiracy claim should be dismissed when the plaintiff has not alleged an actionable tort claim against any of the defendants."). Because Defendants fail to establish an underlying tort claim, the civil conspiracy claim cannot survive.

**B.     Counterclaim Two**

In Counterclaim Two, Defendants allege negligent supervision against SIMCO. Specifically, Defendants allege that SIMCO "turned a blind eye to the wrongful actions of others . . . with regard to the non-performance of work and on-satisfactory [sic] work that [SIMCO] subsequently billed and invoiced against Defendants." (Defs.' Countercls. ¶ 22.) To adequately state a claim for negligent supervision, a claimant must allege:

> (1) the employer knew or had reason to know of the particular unfitness, incompetence[,] or dangerous attributes of [an] employee and could reasonably have foreseen that such qualities created a risk of harm to other persons[;] and (2) the employer['s] negligence in hiring or supervising [the] employee resulted in the dangerous attribute proximately causing [the claimant's] injury.

*Severino v. Middlesex Cnty. Prosecutor's Off.*, No. 19-19164, 2020 WL 5517539, at *5 (D.N.J. Sept. 14, 2020) (quoting *Doe 3 v. Bd. of Educ. of Vocational-Tech. Sch. Dist.*, No. 17-13793, 2018 WL 3218692, at *3 (D.N.J. Jul. 2, 2018)). Here, Defendants' counterclaim contains no allegations of unfitness, incompetence, or dangerous attributes of any of SIMCO's subcontractors nor that SIMCO was on notice of any of these attributes. (*See generally* Defs.' Countercls.) The counterclaim merely alleges that SIMCO should have known—and not invoiced Defendants for—

6

unsatisfactory and incomplete work. (*Id.* ¶¶ 22-24.) The Court, accordingly, dismisses Defendants' counterclaim for negligent supervision.

### IV. CONCLUSION

For the reasons stated above, the Court grants SIMCO's Motion to Dismiss Counterclaims. An appropriate Order will follow.

                                                                                                    /s/ Michael A. Shipp
                                                                                                    MICHAEL A. SHIPP
                                                                                                    UNITED STATES DISTRICT JUDGE